(Reap. Dec. 9715)

JOHN P. HERBER & COMPANY, INC., ET AL. v. UNITED STATES

Entry No. 46, etc.

(Decided May 26, 1960)

*Lawrence & Tuttle* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States concerning the merchandise referred to in the attached Schedule "A", as follows:

1. Said merchandise consists of binoculars and leather carrying cases which, in *John P. Herber & Co., Inc.* v. *United States*, C.D. 1519, this Court held to be subject to appraisement separately according to the value of each class of article.

2. At the time of exportation of such merchandise to the United States, the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities, in the ordinary course of trade for exportation to the United States were the unit prices shown in Schedule "A" attached, plus the proportionate share of packing, freight to shipping port, storage, insurance premium, and lighterage and handling as set forth in the invoices.

3. The appeals for reappraisement are abandoned as to all entries and merchandise not listed in the attached Schedule "A", and the said appeals for reappraisement may be deemed to be submitted for decision upon this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here in-

volved, and that such values for the involved items were the unit prices shown in schedule "A," attached hereto and made part of our decision herein, plus the proportionate share of packing, freight to shipping port, storage, insurance premium, and lighterage and handling, as set forth in the invoices covering the merchandise in the involved appeals.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent, the appeals are hereby dismissed.

Judgment will be entered accordingly.